UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND E. BOYD,

        Petitioner,               Case No. 03-CV-10223-BC
                                                                 Honorable David M. Lawson

v.

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT AND DISMISSING PETITION AS UNTIMELY**

The warden, respondent Raymond Booker, has filed a motion for summary judgment of dismissal in this case on the ground that the petition for writ of habeas corpus was not filed within the time limits prescribed by 28 U.S.C. § 2244(d)(1). Although the respondent was ordered to answer the petition in full, he further requests in a brief without a corresponding motion immediate consideration and that the Court hold its answer to the petition in abeyance. The Court has on previous occasions stated that the attorneys representing prison wardens may not bifurcate responses to habeas petitions without prior leave of court. The Court continues to disapprove of the practice of bifurcating the responses and therefore will deny the request to hold the answer in abeyance. However, as discussed more fully below, the Court finds that the petition in this case was filed beyond the deadline established by section 2244(d)(1), which ought not be suspended in this case by equitable tolling or for actual innocence. Therefore, the Court will grant the motion for summary judgment and dismiss the petition.

I.

The petitioner, Raymond E. Boyd, is a Michigan prisoner currently confined at the Ryan

Correctional Facility in Detroit, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1979 conviction of second-degree murder, which arose from the beating death of his daughter. He was found guilty after a jury trial in the Recorder's Court for the City of Detroit and sentenced to life imprisonment. He alleges that his federal constitutional rights were violated because the trial court refused to order exhumation of the victim's remains to determine parentage, and to conduct an evidentiary hearing on his arguments based on newly-discovered evidence and ineffective assistance of counsel, and to consider his actual innocence claims. Boyd also states that he did not receive effectiveness assistance from his trial counsel.

The Michigan Court of Appeals affirmed Boyd's conviction in 1981, *see People v. Boyd*, No. 52952 (Mich. Ct. App. Dec. 4, 1981) (unpublished), and he did not seek leave to appeal this decision to the Michigan Supreme Court. Twelve years later, on December 16, 1993, Boyd filed a motion for relief from judgment in the trial court, which was denied on August 24, 1995. He did not appeal this decision.

On July 28, 2000, Boyd filed a motion in the trial court for disinterment of the deceased's remains, a new trial, and an evidentiary hearing. The trial court construed the motion as a second motion for relief from judgment and denied it as a successive motion on November 28, 2000. On December 29, 2000, the petitioner filed a motion in the trial court for reconsideration; he filed supplemental motions on March 16, 2001 and February 21, 2002. The trial court denied relief on June 18, 2002. Boyd then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied. *See People v. Boyd*, No. 242482 (Mich. Ct. App. Sept. 12, 2002) (unpublished). The state supreme court denied his delayed application for leave to appeal thereafter. *See People v. Boyd*, No. 122654 (Mich. Apr. 29, 2003).

The petitioner signed the present petition for writ of habeas corpus on September 10, 2003, and the petition was filed in this Court on September 16, 2003. On March 23, 2004, the respondent filed the present motion for summary judgment. The petitioner filed a response to the summary judgment motion on July 28, 2004.

II.

Under Federal Rule of Civil Procedure 56(c), summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R Civ. P. 56(c); *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000) (applying Rule 56 in habeas corpus proceeding). To defeat a motion for summary judgment, the non-moving party must set forth facts that are sufficient to demonstrate that a reasonable fact finder could find in his favor. *Id.* at 851. The summary judgment rule applies to habeas corpus proceedings. *See Jackson v. Straub,* 309 F. Supp. 2d 952, 956 (E.D. Mich. 2004).

Although the petitioner's trial occurred in 1979, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), govern this case because the petitioner filed this habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action

> in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply) *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

The petitioner's conviction in this case became final in 1982 after the time expired for appeals beyond his direct appeal to Michigan's intermediate appellate court, and well before the effective date of the AEDPA. However, prisoners whose direct appeals concluded prior to the AEDPA's effective date have a one-year grace period to file their habeas petitions. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999); *Brown v. O'Dea*, 187 F.3d 572, 576-577 (6th Cir. 1999). Boyd, therefore, had until April 24, 1997 to file his habeas petition or take other action to toll the limitations period, such as filing a state post-conviction motion in accordance with 28 U.S.C. § 2244(d)(2).

The petitioner filed no such motions within the period of limitation. The petitioner's first motion for relief from judgment was decided on August 24, 1995, before the effective date of the AEDPA; it cannot toll the statute of limitations because it was decided before the start of the one-year grace period of the AEDPA. The petitioner did not file his second motion for relief from

judgment until July 28, 2000, well after the expiration of the grace period. The one-year limitations period had expired before the petitioner sought state post-conviction review following the enactment of the AEDPA. Although the petitioner maintains that the Court should measure the one-year limitations period from the date the Michigan Supreme Court denied leave to appeal in the last post-conviction proceeding, a state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The petitioner's state post-conviction proceedings initiated in 2000 could not revive the period of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Thus, the petitioner's federal habeas petition, filed in September 2003, is untimely.

The petitioner also argues that his last post-conviction motion was based on newly-discovered evidence, and he could not have known of that ground for relief at an earlier date. Under 28 U.S.C. § 2244(d)(1)(D), the limitation period can be measured from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the petitioner's case, the prosecution's theory was that the petitioner struck his daughter, whom he knew had sickle cell anemia. The beating triggered a cascade of medical reactions that resulted in her death, according to the State. The petitioner contends that genetic history he has compiled newly-obtained medical reports that indicate he and his wife could not have produced a child with sickle cell anemia prove that it is impossible for him to have sickle cell tendencies or to pass that condition on to his child.

However, the petitioner also argues that he could not have been guilty of second-degree

murder because he was always under the impression that it was impossible for his children to have that disease. *See* Pet.'s Br. at ix. He reasons that if he did not believe that his child had sickle cell anemia, he could not have the requisite mental state for second-degree murder even though he acknowledges administering the beating. The petitioner's theory, therefore, is not based on whether his daughter actually had the disease; it centers on his own belief. Consequently, "new" evidence of the petitioner's genetic history will not trigger the application of section 2244(d)(1)(D), since his genetic history could have been discovered before trial and presented on the issues of the petitioner's *mens rea* and the cause of death. As explained by another judge in this district:

> The time commences when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See, e.g., Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000). Additionally, the AEDPA's limitations period begins to run when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the facts' legal significance.

*Brooks v. McKee*, 307 F. Supp. 2d 902, 905 -06 (E.D. Mich. 2004). Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim. *See Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999). It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts. *See Tate v. Pierson,* 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001) (citing *Flanagan v. Johnson,* 154 F.3d 196, 198-99 (5th Cir. 1998)). A habeas petitioner has the burden of persuading a federal court that he exercised due diligence in discovering the factual predicate of his habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

The petitioner has not met that burden. He knew, or with reasonable diligence could have discovered, whether his daughter had sickle cell anemia and whether he and his wife had the disease

and could have passed it on to their daughter at the time of trial. In fact, his wife's affidavit dated January 17, 1999 indicates that she was aware of such information prior to their marriage in 1975. Pet. Ex. A, Aff. of Robertina Boyd. The petitioner's affidavit further states that he informed defense counsel of these facts at the time of his trial and direct appeal. *Id.* Ex. B, Petitioner Aff. The petitioner does not explain satisfactorily the delay in pursuing evidence to support his claims. The record shows that the petitioner had actual or putative knowledge of facts supporting his habeas claim before the AEDPA's effective date; the "new" information does not invoke the floating limitation period commencement date contained in section 2254(d)(1)(D).

The petitioner has not argued that he is entitled to equitable tolling, although that concept applies to the one-year period of limitation for habeas corpus petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U. S. 1057 (2001); *see also Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The Sixth Circuit has noted that "federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted). Courts must consider the five factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), when determining whether equitable tolling is appropriate. *Dunlap*, 250 F.3d at 1009. These factors are: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* at 1008. This list of factors is not comprehensive; on the other hand, each factor may not be relevant in all cases. *Cook*, 295 F.3d at 521. "The decision

whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Ibid*. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003).

The petitioner sets forth no circumstances which caused him to file his state court proceedings more than three years after the expiration of the one-year grace period. The fact that the petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins,* 366 F.3d 396, 402-03 (6th Cir. 2004) (holding that even if the petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Also, the petitioner has not shown diligence in seeking habeas relief, especially considering that the information concerning the grounds for his petition were available to him. The petitioner thus has failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period. *See Dunlap*, 250 F.3d at 1010; *Jones v. Gundy*, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000).

The petitioner also suggests that he is innocent of the crime because he lacked "malice." The Sixth Circuit recognized this year that actual innocence is a valid ground upon which a prisoner might avoid the bar of the statute of limitations in 28 U.S.C.§ 2244(d)(1). *See Souter v. Jones,* 395 F.3d 577, 599-600 (6th Cir. 2005). However, to avail himself of that rule, the prisoner must establish actual innocence under the stringent rule of *Schlup v. Delo,* 513 U.S. 298 (1995), by coming forward"with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial,"

*Schlup*, 513 U.S. at 324, and which shows that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. *See Souter*, 395 F.3d at 590. Of course, "actual innocence means factual innocence, not mere legal insufficiency." *Ibid.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

The petitioner has made no such showing. He contends that he is not guilty of second degree murder because he did not spank his child knowing that he would trigger a sickle cell anemia crisis, which the prosecution alleged contributed to the death of the petitioner's daughter. He offers affidavits saying that he and his wife learned they could not produce offspring with sickle cell anemia before they married and a laboratory test allegedly demonstrating that he lacked any sickle cell anemia genes. Pet. Exs. A-C. Alternatively, he argues that his daughter did not have sickle cell anemia as theorized by the prosecution, so the abuse could not have caused her death within the meaning of unlawful killing, which the petitioner defines as requiring "punishment in a manner causing one or more major organ failures, cerebral or internal hemorrhaging, or some exigent, pre-existing condition inflamed by an antecedent event." Pet. at 3. However, the state court of appeals upheld his conviction holding that:

> The evidence established that defendant physically punished his daughter with a belt and buckle and that she died as a result of injuries sustained. . . .
>
> We believe the challenged evidence was properly admitted. Defendant admitted injuring Tina Louise with a belt in 1977, and although there was no direct evidence establishing that defendant caused the 1976 skull fracture, the circumstances surrounding the injury were sufficient to create such a permissible inference, at least for purposes of admitting the testimony under MRE 404(b). The jury was instructed that they were to determine whether defendant did or did not inflict these injuries, and that the testimony was offered only to show that defendant acted purposely and

> not by accident or misjudgment on his part, but that his acts were part of a pattern of conduct in which he had engaged before. . . .
>
> It is well settled that the intent necessary to convict a person of second-degree murder may be established where defendant created a very high degree of risk of death with knowledge that his acts would probably result in death. Actual intent to kill is not required for second degree murder.

*People v. Boyd*, No. 52952, slip op. at 1, 3, 5 (Mich. Ct. App. Dec. 4, 1981) (unpublished) (citations omitted). In light of all the evidence, including evidence of prior abuse, the petitioner is unable to satisfy the standard established in *Schlup* (that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327). It is likely that every reasonable juror would have found that the petitioner acted with the requisite intent and his actions caused his daughter's death, even after learning the evidence concerning sickle cell anemia presented in his petitioner for habeas corpus. The petitioner has thus failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period.

### III.

For the reasons given above, the petitioner has failed to show compliance with the statute of limitations. 28 U.S.C. § 2244(d)(1).

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 6] is **GRANTED**, and the application for a writ of habeas corpus is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 29, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS